IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Stephanie Evans as Parent and Next Friend to B.M., a Minor Under the Age of Eighteen,<br><br>Plaintiff,<br><br>v.<br><br>Clarendon County School District,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 2:24-cv-01731-BHH<br><br>**COMPLAINT**<br>*(Jury Trial Requested)* |

Plaintiff alleges:

1.  Plaintiff is the natural parent of B.M. B.M. is a minor child the age of eighteen (18) years who is named herein only by his initials per Rule 41.2(a)(2), SCRCP.

2.  Plaintiff brings this action in his individual capacity and as next friend of B.M., as permitted by Rule 17(c), SCRCP.

3.  At all times relevant herein, B.M. was a sixteen (16) year-old male student at East Clarendon High School, a school within Clarendon County School District. Plaintiff and B.M. are citizens and residents of Lee County, South Carolina.

4.  During the 2023 – 2024 school year, B.M. was subject to relentless bullying on Defendant's premises.

5.  Defendant Clarendon County School District ("CCSD") is a governmental agency and/or political subdivision of the State of South Carolina, as defined in S.C. Code Ann. § 15-78-10, existing under the laws of the State of South Carolina, and is located in Clarendon County, South Carolina. During the time relevant to the occurrences giving rise to this action, CCSD was acting by and through its servants, agents and/or employees acting within the scope of their officially assigned and/or compensated duties.

6. Venue is proper in Clarendon County because the acts and/or omissions occurred in Clarendon County, under the common law of South Carolina and S.C. Code Ann. § 15-7-30.

7. At all times relevant herein, B.M. was under the supervision, protection, control and custody of Defendant.

8. During the 2023 – 2024 school year, B.M. was bullied on numerous occasions on Defendant's property and/or premises.

9. Prior to the subject incident, B.M.'s parent(s) went to East Clarendon High School, *numerous* times, and relayed years of instances of bullying suffered by B.M. to Defendant's staff and/or administration. B.M.'s parent(s) also expressed concern for B.M. being bullied and the effects thereof.

10. On December 6, 2023, B.M. was using the restroom, in the science wing of East Clarendon High School, when a group of students entered the restroom. While B.M. was using the restroom, a student rose above the adjacent stall and took a photograph of B.M.

11. The photograph was explicit and contained nudity.

12. The photograph was then circulated across the student body.

13. At all times relevant herein, the bullying student(s) were under the supervision, protection, control and custody of Defendant.

14. Nearly two (2) years before the subject incident, a practically identical incident happened to B.M. at East Clarendon High School. Defendant was well aware of the previous incident and made policy changes in an attempt to prevent another incident. These changes were abandoned prior to the subject incident.

15. The actions of the bullying student(s) have greatly affected B.M.'s emotional and mental health.

16. The subject incident has caused severe and lasting damages to B.M.

<p style="text-align:center"><u>FIRST CAUSE OF ACTION</u></p>

(Negligence)

17. Each and every allegation contained in this Complaint which is not inconsistent with this cause of action is hereby incorporated by reference as if repeated verbatim herein.

18. That the injuries and damages suffered by B.M. were and are due to and proximately caused by the negligent, grossly negligent, and reckless conduct of CCSD in one or more ways set forth below:

  a) In failing to have or implement proper policies and procedures regarding hiring, training, supervising, disciplining and/or monitoring its employees;

  b) In failing to properly hire, train, supervise, discipline and/or monitor its employees;

  c) In failing to train and supervise its employees in dealing with the rights of children;

  d) In continuing to employ employees when it knew or should have known that employees were not properly trained in regards to monitoring children;

  e) In failing to properly monitor activities on its premises to ensure the safety of its students;

  f) In repeatedly failing to stop B.M.'s abuse after each instance of receiving actual and/or constructive knowledge that B.M. was being abused and/or bullied by other student(s);

  g) In failing to investigate the subject incident adequately;

  h) In failing to promptly notify law enforcement of the subject incident and/or B.M.'s abuse and/or injuries;

  i) In failing to prepare and implement a proper policies and procedures after B.M.'s parent(s) notified Defendants of B.M. being abused and/or bullied;

  j) In failing to have or implement proper policies and procedures regarding supervising, disciplining and/or monitoring its students;

  k) In failing to exercise the degree of care which a reasonable and prudent person and/or entity would have exercised under the same or similar

    circumstances; and

  l) In any other particulars that may be shown at trial and/or discovered through discovery.

19. As the direct and proximate result of the aforesaid negligent, grossly negligent, careless, reckless, willful and wanton acts or omissions of Defendant, B.M. suffered great and permanent physical harm and injury, all of which has and will, upon information and belief, cause him pain, suffering, mental anguish, anxiety and emotional distress.

<div align="center">

SECOND CAUSE OF ACTION
(Outrage)

</div>

20. Each and every allegation contained in this Complaint which is not inconsistent with this cause of action is hereby incorporated by reference as if repeated verbatim herein.

21. The aforementioned conduct of Defendant was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community.

22. The aforementioned conduct of Defendant was grossly negligent and/or reckless.

23. Defendants knew, should have known and/or should have been substantially certain that its conduct would result in severe emotional distress to B.M.

24. The conduct of Defendant as aforesaid directly and proximately caused B.M. to suffer emotional distress so severe that no reasonable man could be expected to endure it.

25. At the time of the aforementioned conduct, Defendant and/or Defendant's agents, servants and/or employees were acting within the course and scope of their employment with CCSD.

<div align="center">

THIRD CAUSE OF ACTION
(Violation of Constitutional Rights)

</div>

26. Each and every allegation contained in this Complaint which is not inconsistent with this cause of action is hereby incorporated by reference as if repeated verbatim herein.

27. Acting under the color of state law, Defendant deprived B.M. of his bodily integrity by virtue of the aforementioned conduct. As such, B.M. was deprived of his rights, privileges and immunities secured by the Constitution.

28. Defendant had actual and/or constructive knowledge that B.M. was being abused and/or bullied on Defendant's premises.

29. Defendant's response to this knowledge was so inadequate as to demonstrate deliberate indifference to the aforementioned conduct and/or tacit authorization of said conduct.

30. Defendant and/or Defendant's agents, servants and/or employees created the risk of danger to B.M.

31. As a direct and proximate result of the aforementioned conduct and the deliberate indifference and tacit authorization of acts which increased the risk of danger to B.M., B.M. has suffered and continues to suffer tremendous and irreparable emotional and mental harm and is entitled to recover actual and punitive damages under 42 U.S.C. § 1983.

32. B.M. is also entitled to an award of reasonable attorneys' fees, costs and expenses pursuant to 42 U.S.C. § 1988 and other applicable law.

### FOURTH CAUSE OF ACTION
(Violation of S.C. Code Ann. § 63-7-310 – Failure to Report)

33. Each and every allegation contained in this Complaint which is not inconsistent with this cause of action is hereby incorporated by reference as if repeated verbatim herein.

34. CCSD had actual knowledge that B.M. was being abused and/or bullied throughout his tenure at East Clarendon High School.

35. CCSD had actual knowledge of the subject incident.

36. CCSD failed to notify law enforcement.

37. CCSD is a mandatory reporter under S.C. Code Ann. § 63-7-310.

38. S.C. Code Ann. § 63-7-310 requires mandatory reporters to make a report if he or she has reason to believe that a child may or has been abused, neglected or harmed.

39. Therefore, CCSD is liable to Plaintiff for its failure to report the subject incident to law enforcement.

## FIFTH CAUSE OF ACTION
(Violation of the South Carolina Safe School Climate Act)

40. Each and every allegation contained in this Complaint which is not inconsistent with this cause of action is hereby incorporated by reference as if repeated verbatim herein.

41. S.C. Code Ann. §§ 59-63-110 – 150 prohibits harming a student physically or emotionally.

42. The South Carolina Safe School Climate Act also requires every school district, including CCSD, to develop policies to prevent this misconduct and/or abuse.

43. B.M. was harmed emotionally while under the care, custody and control of Defendant.

44. Therefore, Defendant is liable to Plaintiff under the South Carolina Safe School Climate Act.

WHEREFORE, Plaintiff respectfully prays for a judgment for compensatory and punitive damages, reasonable attorneys' fees, costs and expenses against Defendants in an amount to be determined by a jury at the trial of this matter and any such other and further relief this Court or the trier of fact deems just and proper.

PARKER LAW GROUP, LLP

BY: *s/Chelci S. Avant*
Neil E. Alger
Fed ID: 11903

nalger@parkerlawgroupsc.com
Chelci S. Avant
Fed ID: 13177
cavant@parkerlawgroupsc.com
101 Mulberry Street East
P.O. Box 487
Hampton, SC 29924
803.903.1787

ATTORNEYS FOR PLAINTIFF

April 8, 2024.
Hampton, South Carolina.